IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TATINIA WARREN                    :         CIVIL ACTION
                                  :
        v.                        :
                                  :
COMMONWEALTH OF PENNSYLVANIA       :
DEPARTMENT OF TRANSPORTATION        :         NO. 12-5511


MEMORANDUM


Bartle, J.                                    August 14, 2013

        Plaintiff Tatinia Warren ("Warren") brought this action
under Title VII of the Civil Rights Act of 1964, 42 U.S.C.
§ 2000e et seq., and the Pennsylvania Human Relations Act, 43 Pa.
Cons. Stat. Ann. § 951 et seq. against defendant Commonwealth of
Pennsylvania Department of Transportation (the "Department of
Transportation"), who has been plaintiff's employer for
approximately ten years.  Before the court is the motion of the
Department of Transportation to enforce a settlement agreement
with Warren.  She did not file an opposition to this motion.

                                I.

        The parties began settlement negotiations via email at
the beginning of May 2013.  On May 7, 2013, counsel for the
Department of Transportation wrote:

            To settle this matter, my client will agree
            to pay her $15,000.00 and clean up her
            employment record, provided she agrees to
            resign from employment with PennDot, not seek
            any future employment with PennDOT and
            dismiss the action.  Since time is of the
            essence, the offer is good until COB (5:00
            PM) on Wednesday, May 15, 2013.

Plaintiff's counsel responded that day, "She can seek employment with another agency within the Commonwealth though, correct?  Also, if she is considering the money option, can you do better than the 15?"  Later the same day, plaintiff's counsel wrote to defendant's counsel again:

> Can your client pay her $25,000?  She will then resign from PennDot and release her claims and dismiss the suit with prejudice in exchange for the money and the cleaning up of her personnel file.  Also we can discuss other standard terms, confidentiality, non disparagement, tax classification of payment, no opposition to any application for uc benefits, letter of reference, etc.

On May 10, 2013, counsel for the defendant wrote to counsel for the plaintiff, "I waiting [sic] to hear back from the client officially.  But off the record, I have information that the 25k will be rejected with a counter proposal of 20k.  Will that work?"  Counsel for the plaintiff replied that day, "I will strongly recommend to her to accept 20 if that is the response."

On May 13, 2013, counsel for the defendant responded, "I received the authority for the 20k.  Will she take it?"  Counsel for the plaintiff wrote, "Yes she will accept.  I spoke to her about it already.  We have a deal.  I will let the Court know and in the coming days we can work out a settlement agreement that memorializes the terms."

Counsel for the defendant sent counsel for the plaintiff the first draft of the release with the settlement terms on May 28, 2013.  Counsel for the plaintiff replied on June 3, 2013, "Can we include language that states that she is

-2-

not prohibited from employment with the Commonwealth?"  On
June 6, 2013, counsel for the defendant proposed the following
language:  "Nothing in this Agreement prohibits Warren from
submitting an application with or accepting employment from any
other Commonwealth Agency."  Counsel for the plaintiff wrote on
June 7, 2013, "Looks good can you add this to the document and
resend to me for execution?"

Counsel for the defendant did so on June 11, 2013.  The
essential terms of the settlement agreement were as follows:
Warren would resign her position with the Department of
Transportation, not seek any future employment with the
Department of Transportation, and dismiss this action with
prejudice.  In exchange, the Department of Transportation would
pay Warren $20,000, remove from Warren's personnel file any
references to Warren's 5-day suspension for false and misleading
information regarding a travel expense form dated April 20, 2012,
and remove Warren's "level 1 ADLS for performance" dated
February 17, 2012.

Counsel for the defendant again sent the release on
July 2, 2013 because he found a typographical error in it.  Later
that day, plaintiff's counsel emailed defendant's counsel with
two additional demands.  He sought inclusion of language that the
Department of Transportation provide plaintiff with a list of
available employment positions with other agencies of the
Commonwealth of Pennsylvania and that the Department of
Transportation remove or modify her latest employee performance

-3-

review.  Defendant's counsel replied that these demands were
changes to the agreement and left him no choice but to file a
motion to enforce the settlement.

                                II.

          It is well established that a contract comes into being
once the parties have reached a meeting of the minds on the
essential terms and have manifested the intent to be bound by
those terms.  Schulz v. U.S. Boxing Ass'n, 105 F.3d 127, 136 (3d
Cir. 1997); Irma Hosiery Co. v. Home Indemnity Co., 276 F.2d 212,
214 (3d Cir. 1960).  Once this has occurred, the existence of
gaps in the agreement will not vitiate it.  Shovel Transfer &
Storage, Inc. v. Pennsylvania Liquor Control Bd., 739 A.2d 133,
136 (Pa. 1999).  We must determine, based on the undisputed facts
before us, whether the parties reached an agreement on the
essential terms.

          Based on the record before us, the parties have reached
a meeting of the minds on the essential terms and manifested the
intent to be bound by those terms.  Indeed, plaintiff's counsel
could not have been clearer when he stated, "Yes she [plaintiff]
will accept.  I spoke to her about it already.  We have a deal."
The terms are precise and definite, and nothing of significance
is missing.  The written release and settlement agreement was to
memorialize the provisions to which the parties had agreed and
was not a loophole for further negotiations.  Allowing Warren to
demand additional material terms as a condition to settlement

                              -4-

after she accepted the Department of Transportation's offer is inconsistent with what her counsel characterized as "a deal."

While a signed settlement agreement or release is certainly customary when resolving legal disputes, the failure to execute such a document here does not negate the existence of a legally binding settlement.  See Forte Sports, Inc. v. Toy Airplane Gliders of Am., Inc., 371 F. Supp. 2d 648, 650 (E.D. Pa. 2004); Mazzella v. Koken, 739 A.2d 531, 536 (Pa. 1999).  Warren's counsel clearly had actual authority to accept the Department of Transportation's offer on behalf of Warren since he said that he had spoken to Warren already and "she will accept."  See Tiernan v. Devoe, 923 F.2d 1024, 1033 (3d Cir. 1991).

For the forgoing reasons, we will grant the motion of the defendant to enforce the settlement since we have found that the parties have reached a settlement under the terms set forth herein.  Accordingly, we will dismiss the action with prejudice.